UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> QUALITY FOODS OF ANDERSON, S.C., INC., <br><br> Defendant. <br><br> ──────────────────────────── <br><br> QUALITY FOODS OF ANDERSON, S.C., INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> GANNETT COMPANY, INC., D/B/A ANDERSON INDEPENDENT MAIL, AND MAINSTREET NEWSPAPERS, INC., D/B/A MAIN STREET NEWS <br><br> Third-Party Defendants. | Civil Action No. 8:18-CV-01976-TMC <br><br><br> **DEFENDANT'S ANSWER TO THE COMPLAINT, AND THIRD-PARTY COMPLAINT AS TO GANNETT COMPANY INC., D/B/A ANDERSON INDEPENDENT MAIL AND MAINSTREET NEWSPAPERS, INC., D/B/A MAIN STREET NEWS** <br> **(Jury Trial Demanded)** |

Defendant, Quality Foods of Anderson, S.C., Inc., answers the Complaint and asserting a Third-Party Complaint as to Gannett Company, Inc., d/b/a Anderson Independent Mail and MainStreet Newspapers, Inc. d/b/a Main Street News herein alleges the following:

## **FOR A FIRST DEFENSE**

1.  Each and every allegation of the Complaint not specifically admitted is denied.

1

2. With regard to Paragraph 1 of the Complaint, Defendant admits that Plaintiff has filed this action alleging copyright infringement under Section 501 of the Copyright Act, but denies the remaining allegations of said paragraph.

3. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any violations of the Copyright Act, but does not contest subject matter jurisdiction.

4. With regard to Paragraph 3 of the Complaint, Defendant admits that it transacts business in South Carolina and that this Court has personal jurisdiction over it, but denies the remaining allegations of said paragraph.

5. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest venue.

6. With regard to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies the same and demands strict proof thereof.

7. With regard to Paragraph 6 of the Complaint, Defendant admits it has a place of business at 207 Highway 28 By-Pass, Anderson, SC 29624, but denies the remaining allegations of said paragraph.

8. With regard to Paragraphs 7, 8, and 9 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in said paragraphs, and therefore, denies the same and demands strict proof thereof.

9. Defendant denies Paragraph 10 of the Complaint and would show that any weekly advertisements regarding its food products were put together and prepared by the Anderson

Independent Mail and the Main Street News without Defendant's involvement with the selection of any photographs used for said advertisements.

10. With regard to Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies the same and demands strict proof thereof.

11. With regard to Paragraph 12 of the Complaint, Defendant repeats and realleges the previous paragraphs as if repeated verbatim herein.

12. Defendant denies Paragraphs 13, 14, 15, 16, 17, and 18 of the Complaint.

13. Defendant denies Plaintiff's Prayer for Relief.

## FOR A SECOND DEFENSE

14. Defendant would respectfully show each and every cause of action set forth in the Complaint fails to state a claim upon which relief can be granted and, therefore, the Complaint should be dismissed.

## FOR A THIRD DEFENSE

15. Defendant alleges, upon information and belief, that any injury and damage sustained by Plaintiff was due to and caused by the sole and negligent acts or omissions of some other person or persons other than Defendant over whom Defendant neither had nor exercised any authority or control, and, therefore, Defendant is not liable to Plaintiff for any sum whatsoever.

## FOR A FOURTH DEFENSE

16. Adlife's claim is barred, in whole or in part, by the doctrines of unclean hands and copyright misuse.

**FOR A FIFTH DEFENSE**

17. Adlife's claim of copyright infringement is barred, in whole or in part, because some or all of the images identified in the Complaint lack the requisite originality for protection under the Copyright Act.

**FOR A SIXTH DEFENSE**

18. Adlife's claims are barred by the doctrines of wavier, estoppel, and acquiescence.

**FOR A SEVENTH DEFENSE**

19. Adlife's claims are barred by the applicable statute of limitations.

**FOR AN EIGHTH DEFENSE**

20. To the extent any copyright has been infringed, which Defendant denies, Defendant's actions were innocent and non-willful.

**FOR A NINTH DEFENSE**

21. Adlife lacks standing to bring this suit because it does not own any copyright rights in the subject images.

**FOR A TENTH DEFENSE**

22. Adlife's claim of copyright infringement is barred, in whole or in part, because some or all of the images at issue are not registered with the Copyright Office.

**FOR AN ELEVENTH DEFENSE**

23. Adlife's claim of copyright infringement is barred, in whole or in part, because Plaintiff expressly or impliedly consented to the use of the alleged copyrighted works in question.

## FOR A TWELFTH DEFENSE

24. Defendant would show the claim of Plaintiff for punitive damages cannot be had because any award of punitive damages under South Carolina law without bifurcation of the trial so that any punitive damage issues are tried only after and if liability on the merits of this action has been found will violate Defendant's due process rights guaranteed by the United States Constitution and the South Carolina Constitution, and would violate the common law and public policy of the State of South Carolina.

25. Defendant would show the claim of Plaintiff for punitive damages cannot be had because an award of punitive damages under South Carolina law without being subject to a predetermined limit on the amount of punitive damages that a jury might impose would violate Defendant's due process rights guaranteed by United States Constitution and the South Carolina Constitution, and would violate the common law of the State of South Carolina.

26. Defendant alleges the claim of Plaintiff for punitive damages cannot be had because an award of punitive damages under South Carolina law by a jury that is not:

    (a) Provided with sufficiently clear standards for determining the appropriateness of a punitive damage award or the size of such award;

    (b) Provided with adequate instructions as to the limits of punitive damage awards as determined by the principles underlying such an award;

    (c) Instructed that awarding punitive damages on individually discriminatory characteristics of Defendant is improper;

    (d) Instructed to consider punitive damages under a standard for determining the amount that is neither vague, arbitrary, nor capricious and that defines

       with reasonable clarity the actions of Defendant upon which an award of punitive damages may be based; and

  (e)  Subjected to judicial review at both the trial and appellate court level under objective standards for determining appropriateness and reasonableness;

would violate Defendant's equal protection and due process rights as guaranteed by the United States Constitution and the South Carolina Constitution and would also violate the laws of the State of South Carolina.

  27.  Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**FOR A THIRTEENTH DEFENSE AND BY WAY OF**
**THIRD-PARTY COMPLAINT AS TO GANNETT CO. INC., D/B/A**
**ANDERSON INDEPENDENT MAIL AND MAINSTREET NEWSPAPERS, INC.,**
**D/B/A MAIN STREET NEWS**

  28.  Plaintiff has sued Quality Foods of Anderson, S.C., Inc. (hereinafter "Quality Foods") claiming damages caused by Quality Foods' unauthorized reproduction and public display of twenty copyrighted photographs of foods (hereinafter the "Photographs), allegedly owned and registered by Plaintiff, and in violation of the Copyright Act of the United States 17 U.S.C. § 101 *et seq*. See Plaintiff's Complaint filed with the Court as ECF No. 1.

  29.  Upon information and belief, Third-Party Defendant Gannett Company, Inc., d/b/a Anderson Independent Mail (hereinafter "Anderson Independent Mail") is a company that is organized under the laws of the State of Delaware and it is fully authorized and empowered to transact and carry on its business in the State of South Carolina. Anderson Independent Mail is a newspaper operating in Anderson, South Carolina.

30. Upon information and belief, Third-Party Defendant MainStreet Newspapers, Inc. d/b/a Main Street News (hereinafter "Main Street News"), is a company organized under the laws of the State of Georgia that transacts and carries out business in the State of South Carolina.

31. The Court has personal jurisdiction over Third-Party Defendants Anderson Independent Mail and Main Street News (hereinafter "Third-Party Defendants").

32. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim at issue occurred in whole or in part within this District and Division.

33. Quality Foods formed agreements with Third-Party Defendants to develop and produce weekly circulars advertising its food products using the Photographs.

34. Quality Foods did not make any decisions about the Photographs used in the circulars.

35. Quality Foods was not involved in the selection of the Photographs used in the circulars.

36. By virtue of Third-Party Defendants developing and producing the circulars, a special relationship was created and exists between Quality Foods and the Third-Party Defendants.

37. Plaintiff has sued Quality Foods claiming damages arising out of the use of their Photographs in the circulars.

38. Upon information and belief, Plaintiff's claims against Quality Foods arise in whole or in part out of the Third-Party Defendants' alleged acts and omissions, including various breaches of various duties and warranties and the use of or provision of the circulars with the Photographs by the Third-Party Defendants.

39. Quality Foods has denied Plaintiff's substantive allegations and Plaintiff's claims against Quality Foods.

40. Although Quality Foods is without fault, by virtue of the alleged acts and omissions by the Third-Party Defendants, including breaches of various duties and/or warranties and the use of or provision of the circulars with the Photographs, Quality Foods has been subjected to the Plaintiff's lawsuit and to the costs, expenses, attorneys' fees, and liabilities associated therewith.

41. The damages to Quality Foods include the costs and fees, including attorneys' fees, associated with the investigation and defense of the Plaintiff's claims, as well as special and consequential damages, including injury and damages to Quality Foods business reputation and the liability for damages caused by the circulars asserted by the Plaintiff in their Complaint.

**FOR A FIRST THIRD-PARTY CAUSE OF ACTION**
**(Negligence as to both Third-Party Defendants)**

42. Quality Foods repeats and relleges to the extent not inconsistent herewith, the responses and allegations set forth in the above Paragraphs as if said responses and allegations were set forth here verbatim.

43. The above listed Third-Party Defendants were to use due care when developing, producing, and/or supplying the circulars to Quality Foods.

44. Upon information and belief, Third-Party Defendants may have been negligent, careless, and reckless in their developing, producing, and/or supplying of the circulars to Quality Foods.

45. As a direct and proximate result of the negligence, carelessness, and recklessness of these Third-Party Defendants, Quality Foods has become involved in litigation in which it faces liability for the actions of the above listed Third-Party Defendants, their agents and/or

employees, and having incurred costs and expenses in order to protect their interests. If the Plaintiff's allegations are in fact true, Quality Foods is informed and believes it is entitled to indemnity from the Third-Party Defendants in any amount in which Quality Foods may be required to pay the Plaintiff herein as a result of the Third-Party Defendants' negligence.

## FOR A SECOND THIRD-PARTY CAUSE OF ACTION
**(Contribution as to both Third-Party Defendants)**

46. Quality Foods repeats and relleges to the extent no inconsistent herewith, the responses and allegations set forth in the above Paragraphs as if said responses and allegations were set forth here verbatim.

47. In the event that Quality Foods is found liable to Plaintiff, which is expressly denied, then any such liability was joint and concurring with the liability of the above-listed Third-Party Defendants and Quality Foods is entitled to contribution, in whole or in part, from said above listed Third-Party Defendants as provided by law.

WHEREFORE, having fully answered the Complaint herein, the Defendant, Quality Foods, demands the Complaint be dismissed with costs and attorneys' fees and it further prays that the Court award Quality Foods its damages, including special and consequential damages, on its Third-Party Complaint against Third-Party Defendants, including but not limited to, the amount of any settlement or judgment to Plaintiff by Quality Foods and Quality Foods attorneys' fees and costs incurred as result of this action, as well as special and consequential damages, and further requiring the Third-Party Defendants to fully indemnify Quality Foods against all losses and expenses incurred as a result of Plaintiff's claims, and for such other and further relief as the Court deems just and proper.

(SIGNATURE ON FOLLOWING PAGE)

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, L.L.C.

*s/Elizabeth M. McMillan*_____
Elizabeth M. McMillan (Fed. ID No. 5527)
Zachary S. Brown (Fed. ID No. 12780)
Post Office Box 2980
55 East Camperdown Way, Suite 300 (29601)
Greenville, South Carolina 29602
(864) 239-4000

ATTORNEYS FOR DEFENDANT, QUALITY FOODS OF ANDERSON, S.C., INC

September 14, 2018